**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4815**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANNON MICHAEL WADE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-119)

---

Submitted:  December 29, 2006      Decided:  January 31, 2007

---

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Wade appeals his fifty-four month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Wade's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and the Government elected not to file an answering brief. Because the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), after the parties filed their briefs, we directed the parties to file supplemental briefs addressing any issues implicated by Booker. After reviewing the parties' briefs and supplemental briefs, we affirm Wade's conviction but vacate his sentence and remand for resentencing in light of Booker.

First, Wade argues that his sentence was unconstitutional because the district court used Wade's prior convictions to apply the recidivism enhancements under U.S. Sentencing Guidelines Manual (USSG) § 4A1.1(a), (b), (c) (2004), and to calculate his base offense level under USSG § 2K2.1. Wade did not dispute the fact of his prior convictions. The fact of a prior conviction need not be proven beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005)), cert. denied, 126 S. Ct. 640 (2005). Thus, the

district court was not required to make any factual findings concerning Wade's prior record, but could rely on "the conclusive significance" of his record, see Shepard v. United States, 544 U.S. 13, 25 (2005), as set out in the presentence report. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (sentencing judge entitled to rely on undisputed information in presentence report that "bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from [defendant's] prior convictions"), cert. denied, 126 S. Ct. 1463 (2006). We conclude that the district court did not violate Wade's Sixth Amendment rights when it considered his prior convictions in determining his sentence.

Next, Wade contests the four-level enhancement under USSG § 2K2.1(b)(5) for possession of a firearm in connection with another felony offense, possession with intent to sell and deliver cocaine, and maintaining a dwelling for keeping a controlled substance. Wade never admitted to the facts underlying the enhancement. Rather, these relevant facts were determined by the probation officer, and adopted by the district court. Because Wade objected at sentencing based on Blakely v. Washington, 542 U.S. 296 (2004), Wade preserved the constitutional issue. United States v. Rodriquez, 433 F.3d 411, 415 (4th Cir. 2006).

A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on

facts found by a jury or admitted by the defendant. <u>Booker</u>, 543 U.S. at 244. To ascertain whether the defendant's sentence violated his Sixth Amendment rights post-<u>Booker</u>, this court considers the defendant's "guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility." <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Therefore, under <u>Evans</u>, discounting the adjustment for acceptance of responsibility, and without the four-level enhancement for possession of a firearm in connection with another felony offense, Wade's offense level is twenty and his guidelines range would be forty-one to fifty-one months' imprisonment. Because this range is lower than the sentence imposed upon Wade, we conclude that there was Sixth Amendment error, and the error is not harmless.[1] In accordance with <u>Anders</u>, we have reviewed the entire record for any other meritorious issues and have found none.

Accordingly, we affirm Wade's conviction, but vacate his sentence and remand to the district court for resentencing.[2] We

---

[1]As we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Wade's sentencing.

[2]Although the sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing" a defendant. 543 U.S. at 264. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

See <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and then impose the sentence. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. If that sentence falls outside of the Guideline range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). The sentence must be "within the statutorily prescribed range" and "reasonable." <u>Id.</u> at 547.